IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER SAMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-260-SLR |
| ) | |
| RONALD ANAYA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this ﾖﾄﾄ day of March, 2017, having considered plaintiff's motion for reconsideration (D.I. 62);

1. **Introduction**. Plaintiff, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, moves for reconsideration of the March 2, 2016 memorandum and order that granted summary judgment in favor of defendant and against plaintiff. (*See* D.I. 55, 56) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

2. **Discussion**. Plaintiff seeks reconsideration on the grounds that: (1) although the court considered that plaintiff's injuries were de minimus, plaintiff claims

excessive force because he was choked and hit with a can of mace while he was handcuffed to a waist belt and shackled around his ankles, and defendant's actions served no interest in carrying out defendant's stated desire; (2) plaintiff stated that defendant choked him and hit him with a can of mace, defendant stated he did not choke or hit plaintiff, and plaintiff submitted evidence of defendant's fingermarks on plaintiff's neck to show that defendant was not telling the truth; and (3) even were the court to consider plaintiff's injuries de minimus, the court did not address plaintiff's claim of damages for mental injuries.

3. The court has reviewed the filings in this case and has considered plaintiff's position in the instant motion. The court reiterates, as stated in the March 2, 2016 memorandum and based upon the evidence of record, that defendant's use of force on the day in question was objectively reasonable. The court finds that plaintiff has failed to demonstrate grounds for reconsideration and, therefore, his motion will be denied.

4. **Conclusion.** For the above reasons, the court will deny the motion for reconsideration. (D.I. 62) A separate order shall issue.

                                                       *[signature]*
                                                  Senior United States District Judge